UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKO JAVOR QUARLES,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON CORCORAN, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00109-AWI-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>ECF Nos. 8, 9 |

    Plaintiff Nikko Javor Quarles is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On April 8 and July 11, 2019, plaintiff moved for the appointment of counsel. ECF Nos. 8, 9. Plaintiff submits that he suffers from medical ailments and that other inmates have helped him litigate.

    Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). This court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court

1

will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  The allegations in the complaint are not unusually complicated and, based on a review of the record, plaintiff appears able to articulate his claims adequately.  In addition, at this stage in the proceedings, plaintiff has not demonstrated a likelihood of success on the merits.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel.  Accordingly, plaintiff's motions for the appointment of counsel, ECF Nos. 8, 9, are denied without prejudice.

IT IS SO ORDERED.

Dated: February 9, 2020

UNITED STATES MAGISTRATE JUDGE

No. 204.