# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NIKKO JAVOR QUARLES,**<br><br>**Plaintiff**<br><br>v.<br><br>**CALIFORNIA STATE PRISON CORCHORAN, et al.,**<br><br>**Defendants** | **CASE NO. 1:19-CV-0109 AWI HBK (PC)**<br><br>**ORDER ON PLAINTIFF'S MOTION TO STAY AND MOTION FOR COPY OF RULING**<br><br>(Doc. Nos. 20, 21) |

    Plaintiff Nikko Quarles is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to stay and motion for a copy of the order on the motion to stay.

    Plaintiff explains that he is attempting to exhaust his administrative remedies by appealing to the third level of review his denied '602 inmate grievance/appeal. Petitioner outlines a significant delay in the process of his appeals, particularly at the second level of review. Plaintiff requests a 4 to 5 month stay to exhaust his remedies or to refile the instant case.

    After review, the Court declines to grant a stay for several reasons. First, more than five months have passed since Plaintiff filed his motion to stay.[1] He has in effect received a de facto stay. Second, failure to exhaust is an affirmative defense that generally must be pled and proved by the Defendants. See Fuqua v. Ryan, 809 F.3d 838, 844 (9th Cir. 2018). Thus, failure to

---

[1] It appears that administrative errors have led to the Court only now addressing the motion to stay, which was filed on April 10, 2020.

exhaust administrative remedies in a prisoner civil rights case is not jurisdictional and is a waivable defect. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). Defendant has not raised the issue to date. Third, and finally, if the issue of failure to exhaust is raised, the Plaintiff will have to come forward with evidence that shows the existing and generally available administrative remedies were effectively unavailable to him. Fuqua, 809 F.3d at 844; Albino, 747 F.3d at 1170. Although not entirely clear, Plaintiff's motion suggests that the generally available administrative remedies were rendered unavailable given the passage of time that the prison system has been dealing with his '602 grievance/appeal.[2] For these reasons, Plaintiff's motion to stay will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for stay (Doc. No. 20) is DENIED;
2. Plaintiff's motion for a copy of an order (Doc. No. 21) is DENIED because this order resolves Plaintiff's motion for stay; and
3. This matter is REFERRED to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   December 1, 2020

SENIOR DISTRICT JUDGE

---

[2] At this time the Court is not holding that the administrative system was effectively unavailable to Plaintiff. The issue of administrative exhaustion may be raised and litigated at another point in the litigation process.

2