UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKO J. QUARLES<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. VELASQUEZ, A. PRITCHARD, I. MEDINA, J. AMAYA,<br><br>　　　　　Defendants. | Case No.  1:19-cv-00109-AWI-HBK<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>ORDER GRANTING PLAINTIFF'S EXPEDITED REQUEST FOR COPIES<br><br>ORDER DIRECTING CLERK TO PROVDIE COPY OF ORDER TO LITIGATION COORDINATOR FOR HAND-DELIVERY TO PLAINTIFF DUE TO TIME SENSITIVITIES<br><br>(Doc. Nos.  38) |

Pending before the Court is Plaintiff's motion requesting appointment of counsel and copies of various pleadings and order filed on March 10, 2022.  (Doc. No. 38).  Plaintiff also requests that the Court expedite a ruling on this motion seeking appointment of counsel and copies.  (*Id*.).  As discussed below, the Court denies Plaintiff's request for appointment of counsel but, due to the imminent settlement conference grants his request for expedited copies and information.

**Request for Appointment of Counsel**

The Court previously twice denied Plaintiff's earlier motions to appoint counsel.  (Doc. Nos. 15, 31).  As noted in the Court's previous Orders, the United States Constitution does not

1   require appointment of counsel in this matter. *Lewis v. Casey*, 518 U.S. 343, 354 (1996)
2   (explaining *Bounds v. Smith*, 430 U.S. at 817 (1977), did not create a right to appointment of
3   counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint
4   counsel for indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1)
5   (stating the court has authority to appoint counsel for people unable to afford counsel); *see also*
6   *United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review
7   for motions to appoint counsel in civil cases) (other citations omitted). However, motions to
8   appoint counsel in civil cases are granted only in "exceptional circumstances." *Id*. at 1181. The
9   court may consider may factors to determine if exceptional circumstances warrant appointment of
10  counsel including, but not limited to, proof of indigence, the likelihood of success on the merits,
11  and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of
12  the legal issues involved. *Id*.; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),
13  *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

14        Plaintiff has not raised any new circumstances to meet his "burden of demonstrating
15  exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).
16  The Court is sensitive to the fact that Plaintiff is proceeding *pro se* and is incarcerated; however,
17  he faces the same obstacles all *pro se* prisoners face. Plaintiff has capably filed motions and his
18  complaint plausibly stated a claim to survive initial screening. The case procedurally remains at
19  the early stages of litigation and is set for a settlement conference. Should this case progress and
20  Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he
21  may renew his motion for appointment of counsel.

22        **Request for Expedited Copies and Information**

23        Plaintiff explains that he was previously being assisted in his case by another inmate who
24  was transferred to a different institution and mistakenly took Plaintiff's legal papers with him.
25  Plaintiff requests copies of certain documents so he can continue to prosecute this case with the
26  assistance of another inmate.

27        This Court will grant Plaintiff a one-time courtesy of copies for this action. In particular,
28  the Court will direct the Clerk to send Plaintiff a paper copy of the following pleadings and

orders: the Docket Sheet; First Amended Complaint (Doc. No. 24), June 1, 2021, Screening Order (Doc. No. 25), and January 12, 2022, Order Setting Settlement Conference (Doc. No. 32).

Due to the impending settlement conference scheduled for **April 7, 2022, at 9:30 a.m.**, the Court reiterates herein what Plaintiff needs to include in his confidential settlement statement that is due no later than **March 31, 2022**.

Plaintiff must mail his confidential settlement statement to: the Attention of Magistrate Judge Dennis M. Cota, USDC CAED, 2986 Bechelli Lane, Suite 300, Redding, California, 96002 so it arrives no later than March 31, 2022. The envelope shall be marked "CONFIDENTIAL SETTLEMENT STATEMENT." Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (*See* L.R. 270(d)). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed and include the following:

   a. A brief statement of the facts of the case.
   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
   c. A summary of the proceedings to date.
   d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
   e. The relief sought.
   f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
   g. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.
   h. If the parties intend to discuss the joint settlement of any action or claims not in this

3

suit, give a brief description of each action or claim as set forth above, including case number(s) if possible.

Accordingly, it is **ORDERED:**

1. Plaintiff's request for appointment of counsel (Doc. No. 38) is DENIED.
2. Plaintiff expedited request for copies (Doc. No. 38) is GRANTED to the extent set forth herein.
3. The Clerk of the Court is directed to mail a courtesy copy of the following to Plaintiff: the Docket Sheet; First Amended Complaint (Doc. No. 24), June 1, 2021, Screening Order (Doc. No. 25), and January 12, 2022, Order Setting Settlement Conference (Doc. No. 32).
4. The Clerk shall email or fax a copy of this Order to the litigation coordinator at Plaintiff's institution.  **The litigation coordinator shall hand-deliver a copy of this Order to Plaintiff in order that Plaintiff may adhere to the deadlines for his settlement statement**.

Dated:    March 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE